I. OTTO v. J. P. HARLLEE, *et al.,* as Board of County Commissioners, of Manatee County, Florida.

161 So. 402.
Opinion Filed May 7, 1935.

*Edwin Brobston,* for Plaintiff in Error;

*D. R. Peacock,* for Defendants in Error.

BUFORD, J.—Plaintiff in error was relator in the court below and instituted mandamus proceedings to coerce the Board of County Commissioners to refund to him an amount equal to the proportion of the county and district tax embraced in a certain tax certificate of which he was the lawful owner when the same was cancelled by the Comptroller under the provisions of Section 783 R. G. S., 1009 C. G. L., it being alleged that the tax certificate was void because the description contained therein, to -wit: "Lot bounded N by Manatee River, E by Main St. S. by a street, W by Spring Street, Sec. 25, Twp. 34 S. Range 17 E." was too vague and indefinite to constitute a description under which lands could be assessed for taxes.

It was further alleged by amendment to the alternative writ that the tax sale certificate was void because of the infirmity of the description.

Demurrer and motion to quash was interposed and prevailed. There is one assignment of error which is as follows:

"The court erred in its order dated the 24th day of August, A. D. 1933, sustaining respondent's demurrer to relator's alternative writ of mandamus, recorded in Circuit Court Book 13, page 105, and in its Final Judgment dated the 5th day of November, 1934, and entered in Circuit Court Minute Book 13, page 362."

If the demurrer was properly sustained there is no error in the final judgment. Section 783 R. G. S., 1009 C. G. L., was Section 581 of the General Statutes of 1906 as amended by Chapter 6816, Acts of 1915, and reads as follows:

"Whenever it shall be proved to the clerk of the circuit court of any county in this State that lands in his county have been sold for unpaid taxes when the taxes on such lands have been paid, or the lands were not subject to taxation at the time of the assesment on which they were sold (or because the description was void, or because of some error or omission which invalidates the sale, or for any other reason), he shall forward a certificate of such fact to the Comptroller, and enter upon the list of land sold for taxes, kept in his office, a memorandum of such fact, the Comptroller upon receipt of such certificate, if satisfied of the correctness thereof, when the certificate of sale is held by the State, shall notify the clerk who shall cancel the same, and when the certificate is held by an individual, the Comptroller shall at once notify the original purchaser, or the holder, if known to him, that upon voluntary surrender of the certificate or deed of release of his rights under any tax deed that may have been issued to him upon such certificate, within ninety days of such notification, but not afterward, he will refund to the holder of such certificate the amount received by the State by the purchase of said certificate and the sum of one dollar for such deed of release as may be necessary; and the county commis-

sioners shall refund from the general county tax fund the amount received by the county on such account, and the Comptroller is hereby directed to draw his warrant on the State Treasurer for such sum or sums as he may be shown to be due on such account, to be paid out of the general revenue fund; provided that this section shall not be so construed as to apply to any tax certificate issued by a tax collector prior to January 1, 1913." The brackets are supplied by us for convenience.

Those words enclosed in brackets represent the amendment which was accomplished by the Act of 1915, *supra*. By this amendment the Legislature sought to clothe the Clerk of the Circuit Court with judicial power to determine the construction of a description contained in a tax sale certificate and to determine when error or omission will invalidate a tax sale certificate, and to judicially determine whether or not a tax sale certificate is void because of any deficiency or infirmity.

A tax sale certificate is the evidence of a lien and confers upon its holder valuable rights of which he may not be involuntarily deprived without due process of law and judicial determination. The construction of a tax certificate and the determination of whether or not it is void is a question of law and can be validly determined only by the judiciary.

In Walls v. Endel, 20 Fla. 86, and in Sherlock v. Varn, 64 Fla. 447, 59 So. 953, we said:

"It is for the trial court to determine as a matter of law whether or not the description of land in a tax deed is so vague, indefinite and uncertain as to amount to a nullity, and it is error to leave such question to the jury."

In Thursby, *et al.,* v. Stewart, 103 Fla. 990, 138 Sou. 742, we said:

"The Legislature cannot exercise judicial function."

If it cannot exercise judicial function, certainly it is precluded from delegating the exercise of judicial functions to ministerial officers.

In the old case of Ponder v. Graham, 4 Fla. 25, this Court, speaking through Mr. Justice SEMMES, referring to the three co-ordinate departments of our Government, the Administrative, Legislative and Judicial, said:

"The fundamental principle of every free and good government is, that these several co-ordinate departments forever remain separate and distinct. No maxim in political science is more fully recognized than this. Its necessity was recognized by the framers of our government as one too invaluable to be surrendered, and too sacred to be tampered with. Every other political principle is subordinate to it— for it is this which gives to our system energy, vitality and stability. Montesquieu says there can be no liberty, where the judicial are not separated from the legislative powers. 1 Spirit of Laws, page 181. Mr. Madison says these departments should remain forever separate and distinct, and that there is no political truth of greater intrinsic value, and which is stamped with the authority of more enlightened patrons of liberty. Federalist, 270.

"It is only by keeping these departments in their appropriate spheres that the harmony of the whole can be preserved—blend them and constitutional law no longer exists. The purity of our government, and a wise administration of its law, depend upon a rigid adherence to this principle. It is one of fearful import, and a relaxation is but another step to its abandonment—for what authority can check the innovation, when the barriers so clearly defined by every constitutional writer are once thrown down. Each department is a blank in government without the aid and cooperation of the others; and when one is encroached upon, its

powers, to that extent, become paralyzed, and the whole system fails to carry out those high purposes for which it was designed. Under all circumstances, it is the imperative duty of the courts to stand by the constitution."

The last sentence above quoted embraces a declaration which is no less true today than it was when written by Mr. Justice SEMMES in 1851, and while it is indisputably the imperative duty of the courts to stand by the Constitution, it is no less the imperative duty of the administrative and legislative branches of the Government to do likewise; but, certainly courts must steadfastly adhere to the performance of that duty to justify their very existence and to retain that confidence and respect which must ever be their chief compensation.

Under the statute we are now considering it is attempted to clothe the clerk of the Circuit Court with the power to determine whether or not a tax certificate is void by reason of the insufficiency of the description of the lands as contained in such certificate. This determination involves the right of the certificate holder to interest on his investment. It involves the right of the county to hold the money which the certificate holder has paid for the certificate and to use that money for lawful county purposes. There can be no doubt that the exercise of such power is a judicial function and may not be legislatively delegated to, nor may it be exercised by an administrative officer. See People, *ex rel.* Kern, v. Chase, 165 Ill. 527, 46 N. E. 454, 36 L. R. A. 105; State, *ex rel.* Blaisdell, 22 N. Dak. 86, 132 N. W. 769, 6 R. C. L. 172, *et seq.*

In State, *ex rel.* Kennerly, v. Amos, 78 Fla. 552, 83 Sou. 393, Mr. Justice WHITFIELD, speaking for the Court and referring to the Act here under consideration, said: "The amendment to Section 581 included in brackets in the Act

of 1915 above quoted apparently involves judicial matters that might not legally be conferred upon an administrative officer." We, therefore, hold that insofar as Section 783 R. G. S., 1009 C. G. L., attempts to confer authority upon the Clerk of the Circuit Court exclusively the power to determine whether or not a tax certificate is void because of insufficiency of description or because of some error or omission, or because of any other reason which requires the exercise of the power of construction or of discretion and judgment, the Act is invalid because it is in conflict with Section 1 of Article V of our Constitution.

However, the plaintiff in error contends that, even if the Clerk of the Circuit Court was not vested with the power to hold the certificate void, this objection is overcome by the allegation in the amended alternative writ that the tax sales certificate is in fact void because of the alleged insufficiency of the description contained therein and that the certificate, being in fact void, and having been canceled by order of the Comptroller, it is the plain and certain legal duty of the Board of County Commissioners to refund that proportion of the amount paid by the relator for the certificate which is represented by the amount of county and district taxes embraced therein. If his premise was correct his conclusion might be also, but the premise is defective in that his allegation is not supported by the record. As we construe the description contained in the certificate it is a good and valid description. See description hereinbefore quoted. *A lot* is generally understood to embrace a single parcel of land. The description here describes the land as being a *lot,* not *lots*. That lot is described as being bound on the North by Manatee River, East by Main Street, South by a street and West by Spring street, in section 25, Township 34 South, Range 17 East. Manatee River, the Court

will take judicial knowledge, is a natural boundary. Streets are established boundaries. A street may not necessarily have a name but it appears clear to us that the description contemplates including only one lot and including only one lot starting at the Manatee River on the North and going South to a street, one would necessarily be stopped by the first street encountered; otherwise he would pass from a lot into lots and would thereby violate the description.

And so it is that we must hold that the Legislature could not invest the Clerk of the Circuit Court with power to determine the question here involved and we hold further that the determination reached by the Clerk of the Circuit Court was not only not binding on the Board of County Commissioners but also was not a correct construction of the description contained in the certificate.

. When the certificate holder was advised that the Comptroller had assumed to cancel his certificate he could have, before accepting the payment from the Comptroller, contested the right of the Comptroller to cancel his certificate in a court of competent jurisdiction and obtained a judicial determination of the validity or invalidity of his certificate. On the refusal of the County Commissioners to recognize the cancellation of his certificate and the Supreme Court having held that the purported cancellation was without authority of law he may coerce the reinstatement of the certificate (see State, *ex rel.*, v. Wright, 107 Fla. 178, 145 Sou. 598) and foreclose his lien for the amount which he has not recovered thereon with interest and costs. The cancellation being without authority of law, he has lost only that part of his lien arising from state taxes of which he has accepted refund. This opinion and judgment is without prejudice to the pursuing of such course.

· The judgment of the Circuit Court should be affirmed without prejudice, as above indicated, and it is so ordered.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL and DAVIS, J. J., concur.