F. B. PALBICKE v. J. M. LEE, as State Comptroller.

172 So. 481.

Opinion Filed January 8, 1937.

Rehearing Denied February 26, 1937.

*Edwin Brobston,* for Appellant;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for Appellee.

BUFORD, J.—This case and other companion cases involve identical questions. The basis of the alleged right to have the relief prayed is stated in the opinion prepared by Mr. Justice DAVIS.

The appeal is from an order granting defendant's motion to dismiss the bill of complaint.

The bill of complaint sought to obtain decree of declaratory judgment, the prayer for same being as follows:

"WHEREFORE, Your orator being without remedy save in a Court of Equity where such matters are cognizable, prays this Court by its Declaratory judgment that, it has been proved to the Clerk of the Circuit Court of Santa Rosa County in the State of Florida, that the lands described in this Bill of Complaint have been sold for unpaid taxes and the description of said land was void and that a certificate of such fact was forwarded by the Clerk aforesaid to the Comptroller of the State of Florida and a memorandum was entered upon the list of land sold for taxes kept in the Clerk's office of such fact."

The complainant based his right to refund upon the provisions of Section 783 R. G. S., 1009 C. G. L. In construing this section of the statutes in the case of Otto Harleee, et al., 119 Fla. 266, 161 Sou. 402, we held the pertinent provisions thereof to be unconstitutional, saying:

"Under the statute we are now considering it is attempted to clothe the Clerk of the Circuit Court with the power to determine whether or not a tax certificate is void by reason of the insufficiency of the description of the lands as contained in such certificate. This determination involves the right of the certificate holder to interest on his investment. It involves the right of the county to hold the money which the certificate holder has paid for the certificate and to use that money for lawful county purposes. There can be no doubt that the exercise of such power is a judicial function and may not be legislatively delegated to, nor may it be exercised by an administrative officer. See People, ex rel. Kern, v. Chase, 165 Ill. 527, 46 N. E. 454, 36 L. R. A. 105; State, ex rel. Blaisdell, 22 N. E. Dak. 86, 132 N. W. 769; 6 R. C. L. 172, et seq.

There is no other statute except that above referred to which purports to authorize the Comptroller to refund pub-

lic money in cases of this kind. It is well settled that a public official charged with the custody and control of public funds may only pay out the same in the manner prescribed by statute where the statute directs the manner and method of such payment. See Thomas v. Carlton, 106 Fla. 648. 143 Sou. 780. If we should hold in accordance with appellant's contention we would in effect hold that absent any legislative authority, one may procure a Declaratory Judgment in equity and pursuant thereto coerce the Comptroller to refund moneys which have theretofore been paid in by him to the State Treasury pursuant to law. This is the exercise of a legislative and not a judicial power.

Section 116 R. G. S., 146 C. G. L., provides in part:

"And no warrant shall ever be issued until the same has been authorized by Act or Resolution of the Legislature."

It, therefore, follows that as there is no valid statute requiring the Comptroller to draw his warrant for the amount of the refund claimed, the relief is not available.

Therefore, the order appealed from should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and ELLIS and BROWN, J. J., concur.

TERRELL and DAVIS, J. J., dissent.

DAVIS, J. (dissenting).—The complainant in the court below brought suit for a declaratory decree under the provisions of Section 4953 C. G. L., to establish his right under Section 1009 C. G. L., 783 R. G. S., as alleged owner of a tax sale certificate to claim a refund from the State of Florida of the amount received by the State for the purchase of the tax certificate involved. The court below dismissed the bill for want of equity, and the case is here on appeal from that decree.

The bill of complaint alleges that during the pendency of complainant's application for a tax deed based upon a tax certificate issued in due course of law, of which the complainant was then the holder, that the owner of the property described in said tax certificate instituted a suit in the Circuit Court of Santa Rosa County, Florida, and therein obtained an injunction against the Clerk of the Circuit Court of said County and against the complainant, which injunction had precluded the complainant from obtaining a tax deed on the ground of the invalidity of the certificate upon which the same was applied for. The alleged ground of invalidity of the tax certificate was a void description so adjudicated in appropriate proceedings brought by the owner of the land against the Clerk of the Circuit Court and the holder of the tax certificate to restrain the issuance of a tax deed thereon. The facts of the case were duly certified to the Comptroller by the Clerk of the Circuit Court of Santa Rosa County and a demand made on the Comptroller for a refund under Section 1009 C. P. L., *supra,* of the amount paid by the complainant Palbicke for the basic certificate as well as two other subsequent tax certificates that had been redeemed by him in order that he might obtain a tax deed based upon the basic tax certificate. The Comptroller, acting under Section 1009 C. B. L., *supra,* made a refund of the amount paid for the basic tax certificate upon which the application for a tax deed had been rejected, but declined to make a refund based upon tax certificates of the years 1917 and 1918 on the ground that the two subsequent tax certificates having been redeemed by complainant instead of purchased, were not subject to the refund provisions of Section 1009 C. B. L., supra.

The object of this proceeding is to invoke the jurisdiction of a court of equity to adjudicate the invalidity of the two

subsequent tax certificates above mentioned and thereupon to have the court enter its declaratory decree that a refund of the amount paid to the State thereon should be made by the Comptroller to the complainant upon the authority of the certificate of the Clerk of the Circuit Court that has heretofore been certified to the Comptroller attesting the invalidity of the basic tax sale upon which the earlier tax certificate was predicated, and incident to which the applicant for a tax deed on the basic certificate had redeemed the two subsequent certificates sued on.

Under Section 1009 C. G. L., 783 R. G. S., the Comptroller, upon receipt of a certificate from the Clerk of the Circuit Court that a particular tax sale certificate has been found to be invalid on any of the following grounds: (a) that the taxes had been paid at the time the land was sold; (b) that the lands were not subject to taxation at the time of the assessment on which they were sold; (c) because the description in the assessment was void; (d) because of some error or omission which invalidated the sale; (e) for some other reason of invalidity not above specified, is required by law to refund the holder of such certificate the amount of money received by the State for the purpose of the same, together with the sum of one dollar for such deed of release as may be necessary. In like manner the County Commissioners are required to refund from county revenues the amount that the county has received as the result of the illegal tax sale.

Section 4953 C. G. L. confers special statutory jurisdiction on courts of equity to render declaratory decrees, but such statute does not contemplate that a suit may be filed under it to explore the tax proceedings antedating a tax sale solely for the purpose of pronouncing a declaratory decree upon the validity *vel non* of the resultant tax certificate,

where no other relief than a declaratory decree is grantable or prayed. But it does not follow that because the bill of complaint in the present case may not be maintainable under Section 4953 C. G. L., *supra,* that it is wholly without equity so as to be subject to a motion to dismiss on that ground.

Under Section 1009 C. G. L., 783 R. G. S., certain definite statutory rights have been created in favor of those who may have purchased from the State invalid tax certificates that are incapable of being enforced by the purchaser. Such rights are equitable in their nature because they are founded upon the equitable doctrine that a vendor shall return the consideration received in the event the sale for which the consideration was paid fails and is in consequence cancelled or rescinded. The purpose of the statute was to provide a means by which the benefit of the equitable doctrine of return of consideration upon rescission of a sale might be made applicable to the State itself with respect to invalid and unenforceable tax certificates sold by it to innocent purchasers for value and in due course of tax procedure. The statute gives the tax certificate purchaser the right to repudiate a tax sale that is found to be invalid for the causes mentioned in the law. It imposes upon the Clerk of the Circuit Court and upon the Comptroller certain duties with reference to refunding the consideration that the State may have received in the particular instance. The statutory right being in its nature an equitable one that would entitle the tax certificate purchaser to proceed in its enforcement in a court of equity were the tax certificate seller a natural person instead of the State of Florida itself, it follows that a court of equity has jurisdiction of a demand for relief based upon Section 1009 C. G. L., 783 R. G. S., where manifest justice and equity requires the interposition of the processes of a court of chancery to make the

statutory right of rescission and refund effective. See: 10 R. C. L., page 311.

The holding of this Court in the case of Otto v. Harlee, 119 Fla. 266, 161 Sou. Rep. 402; to the effect that Section 1009 C. G. L., 783 R. G. S., is unconstitutional was limited in its effect to a holding that it was unconstitutional only in so far as it contemplated the exercise of judicial power by the Clerk of the Circuit Court to pass upon legal questions as to the validity of tax certificates *vel non*. But, with the exception stated, there has been no holding that said section is unconstitutional, nor is it unconstitutional in so far as it provides for and authorizes the Comptroller to make refunds of moneys held by the State that have been received by it from invalid tax sales if so validly adjudicated.

Where ordinary legal procedure is inadequate to do complete justice and give effect to judicially enforceable statutory legal or equitable rights such as are created by Section 1009 C. G. L., 783 R. G. S., a court of equity becomes vested with jurisdiction to investigate and decide cases arising out of the administration of said section of the statute because it is one of the principal axioms of equity that equity will afford a remedy in cases where other courts cannot give full relief.