STATE, *ex rel.* NORTHERN INVESTMENT CORPORATION, v. J. M. LEE, as State Comptroller, *et al.*

183 So. 838.
Division A.
Opinion Filed October 14, 1938.

*Claude Ogilvie,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, for Respondent.

PER CURIAM.—This case is before us on motion to quash alternative writ of mandamus. The alternative writ commands Honorable J. M. Lee as Comptroller of the State of

Florida "to refund to the relator or its attorney herein, the amount received by the State for the purchase of said Tax Sale Certificate and the payment of said subsequent and/or omitted taxes of 1928, 1929, and 1930, as aforesaid; and that the Respondent, J. M. Lee, as Comptroller of the State of Florida, be directed to draw a warrant on the State Treasurer for such sum or sums as the State has received on said certificate and/or omitted taxes, said warrant to be paid out of the General Revenue Fund of the State; or that you show cause unto the Supreme Court on or before 10:00 o'clock A. M. Tuesday, March 1, 1938, why you fail or refuse so to do. And we do command the respondents, Escambia County of the State of Florida, and John N. Rauscher, Frank L. Parise, H. A. Brosnaham, E. B. Craighton and T. C. McCoy, as and constituting the Board of County Commissioners of Escambia County, Florida, to refund to the Relator from the General Tax Fund of said County the amount received by the County in the form of General and Special Assessments from the sale of said Tax Sale Certificate and the payment by Relator of said subsequent and/or omitted taxes for 1928, 1929 and 1930; or that you do show cause unto the Supreme Corut on or before 10:00 o'clock A. M. Tuesday, March 1, 1938, why you fail or refuse so to do."

The pertinent allegations of the alternative writ are:

"2. That the respondent, Escambia County, is a political subdivision of the State of Florida, duly and regularly created by the Legislature of the State of Florida; that the respondents, John N. Rauscer, Frank L. Parise, H. A. Brosnaham, E. B. Creighton and T. C. McCoy, are the duly elected County Commissioners of Escambia County, Florida, and comprise the Board of County Commissioners of said County.

"That one J. S. Roberts as Tax Collector for Escambia County, Florida, on August 6th, 1928, sold to the relator Northern Investment Corporation, State and County Tax Sale Certificate No. 1534 of said year, for 1927 State. and County Taxes, at public auction conducted by said Tax Collector pursuant to notice given as required by law, for the principal sum of $1714.30 which Tax Sale Certificate purported to encumber real estate in said County, described as follows:

"All Blk 236 less Lot 17; All Blks 238-239, with Fract. Lot shown DB 43, page 183—Water Front.

"That subsequent to the purchase of said Tax Sale Certificate No. 1534, dated August 6th, 1928, the Relator, while it still held and owned said Tax Sale Certificate, paid subsequent and/or omitted taxes, State and County, for the years 1928, 1929 and 1930 against the lands encumbered by the above mentioned Tax Sale Certificate, preliminary to the institution of proceedings by the Relator in the Circuit Court of Escambia County, Florida, for the purpose of foreclosing said Tax liens; that the said subsequent and/or omitted taxes paid by the relator on said premises for the years 1928, 1929 and 1930 were in the several amounts, and evidenced by Tax Receipts numbered as follows:

| For the Year | Tax Receipt Number | Aggregate Tax Paid |
|---|---|---|
| 1928 | 6755 | $304.50 |
| 1929 | 7367 | 324.00 |
| 1930 | 3700 | 309.00 |

"That upon the payment of said 1928, 1929 and 1930 subsequent and/or omitted taxes by the relator, said Tax Collector issued his several receipts therefor, respectively, and in each receipt described the encumbered premises in

identically the same manner as was done in said Tax Sale Certificate No. 1534, dated August 6th, 1928.

"4. That the relator, Northern Investment Corporation, on, to-wit March 20th, 1931, filed its Bill in Chancery, in the Circuit Court in and for Escambia County, Florida, under Chapter 14572, Acts of 1929, for the purpose of foreclosing the tax liens by said Northern Investment Corporation and evidenced by said Tax Sale Certificate No. 1534, dated August 6th, 1928, and the said Tax Receipts for 1928, 1929 and 1930, described above; that in said suit to foreclose said tax liens all necessary parties defendant were named, including the record title owner, the City of Pensacola, etc. That the defendants in said foreclosure suit attacked the validity of the tax liens upon a number of grounds, including the insufficiency of the description of the property involved. That in due course a final decree was entered in the relator's said foreclosure suit by Hon. L. L. Fabisinski, Judge of said Court, wherein the tax liens therein sought to be foreclosed by the complainant were held void for uncertainty in the description of the land, copy of which Final Decree is attached hereto and made a part hereof and marked Exhibit 'A.'

"5. That pursuant to Chapter 18314, Acts of 1937, the Clerk of the Circuit Court in and for Escambia County, Florida, forwarded his official Certificate to Honorable J. M. Lee, Comptroller of the State of Florida, setting forth the facts hereinabove stated and specifically that the relator, Northern Investment Corporation, purchased said Tax Sale Certificate for 1927 taxes, and paid the subsequent and/or omitted taxes for the years 1928, 1929 and 1930, as above mentioned; that it filed suit in Chancery for the purpose of foreclosing said Tax liens, which foreclosure suit resulted in Final Decree holding said Tax Liens void for uncertainty in the description; that said Clerk attached to his said Cer-

tificate a certified copy of said Final Decree in said fore-
closure suit, and forwarded same, together with said cer-
tificate, to the Comptroller of the State of Florida; copy of
said Clerk's certificate forwarded to the State Comptroller
is hereto attached and made a part hereof and marked Ex-
hibit 'B.' That subsequent to the receipt of said Certifi-
cate from the Clerk of the Circuit Court in and for Escam-
bia County, Florida, having attached thereto a certified copy
of said Final Decree. M. H. Hoyer, as Attorney for said
relator, made demand on the State Comptroller for the re-
fund to the relator, who was at all times and at that time
still the holder of such Tax Certificate, of the amount re-
ceived by the State for the purchase of said Certificate, to-
gether with the several amounts received by the State from
the payment by the relator of the subsequent and/or omitted
taxes for the years 1928, 1929, and 1930, as above set forth.
That subsequent to the effective date of said Chapter 18314,
Laws of 1937, the relator, through M. H. Moyer, its At-
torney, again applied to the Comptroller of the State of
Florida for a refund of the portion of the taxes received
by the State from the sale of said Tax Sale Certificates and
the payment of taxes for the years 1928, 1929, 1930, as
aforesaid, in the following amounts, $714.30, $304.50,
$324.00 and $309.00, respectively. But, notwithstanding
the several demands made on the Comptroller of the State
of Florida for such refunds, he declined to refund said pay-
ments, or any portion thereof whatsoever, advising the re-
lator that he will not make any refunds whatsoever on ac-
count thereof unitil ordered to do so by the Court.

"6. That subsequent to the rendition of said Final De-
cree by the Circuit Court in and for Escambia County,
Florida, wherein the Relator's said Tax Liens were held
void for uncertainty in the description of the land, copy of
which Final Decree is attached hereto, as aforesaid, and

subsequent to the effective date of Chapter 18314, Laws of 1937, relator applied to the Board of County Commissioners in and for Escambia County, Florida, for a refund to it of that portion of the taxes collected by the Tax Collector in and for said County, and evidenced by said Tax Sale Certificate No. 1534, dated August 6th, 1928, and said Tax Receipts for the years 1928, 1929 and 1930, as aforesaid, and accruing to the benefit of the said County in the form of General County Taxes and Special Assessments. But, notwithstanding the fact that the Tax liens evidenced by said Tax Certificate and Tax Receipts, aforesaid, had been held void for uncertainty in the description of the land by the Circuit Court in and for Escambia County, Florida; and, notwithstanding the fact that the Clerk of the Circuit Court of said County, who is also ex-officio Secretary to the Board of County Commissioners of said County, had certified such invalidity of said Tax liens to the Comptroller of the State of Florida; said Board of County Commissioners has declined to refund to the relator said sums received by Escambia County, Florida, in the form of General Taxes and Special Assessments from the proceeds of the sale of said Certificate and the collection of said subsequent and/or omitted taxes, and has failed, to date, to refund any portion thereof."

Chapter 18314, Acts of 1937, constitutes ample authority to warrant the refund sought.

In the case of Otto v. Harllee, 119 Fla. 266, 161 Sou. 402, we were considering a condition arising under the provisions of Chapter 6816, Acts of 1915. We quoted the amendatory Act and put in brackets the words "or because the description is void, or because of some error or omission which invalidates the sale, or for any other reason," and said:

"Those words enclosed in brackets represent the amendment which was accomplished by the Act of 1915, *supra.* By this amendment the Legislature sought to clothe the Clerk of the Circuit Court with judicial power to determine the construction of a description contained in a tax sale certificate and to determine when error or omission will invalidate a tax sale certificate, and to judicially determine whether or not a tax sale certificate is void.because of any deficiency or infirmity.

"A tax sale certificate is the evidence of a lien and confers upon its holder valuable rights of which he may not be involuntarily deprived without due process of law and judicial determination. The construction of a tax certificate and the determination of whether or not it is void is a question of law and can be validly determined only by the judiciary.

"In Walls v. Endel, 20 Fla. 86, and in Sherlock v. Varn, 64 Fla. 447, 59 So. 953, we said:

" 'It is for the trial court to determine as a matter of law whether or not the description of land in a tax deed is so vague, indefinite and uncertain as to amount to a nullity, and it is error to leave such question to the jury.'

"In Thursby, *et al.,* v. Stewart, 103 Fla. 990, 138 Sou. 742, we said:   .

" 'The Legislature cannot exercise judicial function.' If it cannot exercise judicial function, certainly it is precluded from delegating the exercise of judicial functions to ministerial officers.

"In the old case of Ponder v. Graham, 4 Fla. 25, this Court, speaking through Mr. Justice Semmes, referring to the three coordinate departments of our Government, the Administrative, Legislative and Judicial, said:

" 'The fundamental principle of every free and good government is, that these several co-ordinate departments for-

ever remain separate and distinct. No maxim in political science is more fully recognized than this. Its necessity was recognized by the framers of our government as one too invaluable to be surrendered, and too sacred to be tampered with. Every other political principle is subordinate to it—for it is this which gives to our system energy, vitality and stability. Montesequieu says there can be no liberty where the judicial are not separated from the legislative powers. 1 Spirit of Laws, page 181. Mr. Madison says these departments should remain forever separate and distinct and that there is no political truth of greater intrinsic value, and which is stamped with the authority or more enlightened patrons of liberty. Federalist, 270."

And, further in that opinion, we said:

"Under the statute we are now considering it is attempted to clothe the Clerk of the Circuit Court with the power to determine whether or not a tax certificate is void by reason of the insufficiency of the description of the lands as contained in such certificate. This determination involves the right of the certificate holder to interest on his investment. It involves the right of the county to hold the money which the certificate holder has paid for the certificate and to use that money for lawful county purposes. There can be no doubt that the exercise of such power is a judicial function and may not be legislatively delegated to, nor may it be exercised by an administrative officer. See People, *ex rel.* Kern, v. Chase, 165 Ill. 527, 46 N. E. 454, 36 L. R. A. 105; State, *ex rel.* Blaisdell, 22 N. Dak. 86, 132 N. W. 769, 6 R. C. L. 172, *et seq."*

But in the instant case the alternative writ of mandamus alleges and shows that the certificates have been held invalid and void because of insufficiency of description, by a court of competent jurisdiction and the Clerk's certificate is shown to be on that judicial determination of invalidity.

The involved certificates having been duly adjudicated by a court of competent jurisdiction to be null and void, it becomes the duty of the respective officers to make the refunds as required by the provisions of Chapter 18314, Acts of 1937.

The motion to quash is denied and respondents are allowed ten days in which to make return, as they shall be advised. If no sufficient return shall be filed within ten days from the date of entry of this Order, peremptory writ shall then issue.

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.