326 So.2d 187 (1976)
STATE of Florida, DEPARTMENT OF ADMINISTRATION, DIVISION OF PERSONNEL, Petitioner,
v.
STATE of Florida, DEPARTMENT OF ADMINISTRATION, DIVISION OF ADMINISTRATIVE HEARINGS and Patricia B. Harvey, Respondents.
No. Y-256.
District Court of Appeal of Florida, First District.
February 3, 1976.
Rehearing Denied February 25, 1976.
*188 David V. Kerns and Bishop C. Holifield, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., James D. Whisenand and Donald D. Conn, Asst. Attys. Gen., Ronald L. Baker and Edward L. Harvey, Tallahassee, for respondents.
SMITH, Judge.
This petition for review of a procedural ruling by a hearing officer of the Division of Administrative Hearings, Department of Administration, raises basic questions concerning the scope of discovery allowable in proceedings for an administrative determination of the validity of an agency rule. We have entertained the appeal notwithstanding that our review has interrupted and delayed the proceedings in midstream because review of the final agency action would not provide an adequate remedy to the petitioning Division of Personnel, Department of Administration. Sec. 120.68(1), F.S. 1973 (1974 Supp.).
Respondent Harvey, whom the Division of Personnel declared ineligible for the positions of Administrative Assistant I and Information Specialist II in the Career Service System, ch. 110, F.S. 1973, petitioned the Division of Administrative Hearings for an administrative determination that the application of work experience requirements promulgated by rule for the two positions discriminates against women on the basis of sex and that Rule 22A-5.04A.7., Personnel Rules and Regulations of the Career Service System, violates the Fourteenth Amendment to the United States Constitution by authorizing removal of a name from the classification register without a hearing.
At issue on this appeal is the propriety of the hearing officer's order over-ruling objections by Division of Personnel to extensive requests for admissions and interrogatories propounded by respondent Harvey. Sec. 120.58(1)(b), F.S. 1973 (1974 Supp.) provides that in "agency proceedings for a rule or order"
"... a hearing officer has the power to ... effect discovery on the written request of any party by any means available to the courts and in the manner provided in the Florida rules of civil procedure."
An administrative determination and declaration of the validity or invalidity of a rule on grounds specified in § 120.56(2) is an "order" as that term is defined in the Administrative Procedure Act, § 120.52(8). Such a proceeding is therefore among those for which § 120.58(1) contemplates discovery in appropriate cases, as provided in the Florida Rules of Civil Procedure.
Yet it does not follow that a hearing officer named by the Division of Administrative Hearings to determine disputes cognizable under the Administrative *189 Procedure Act is empowered to authorize the exhaustive discovery procedures that often attend judicial inquiry into constitutional questions formulated in Fourteenth Amendment terms of equal protection of the laws and due process of law. Neither the Division of Administration nor its hearing officer has power to declare a rule of the Division of Personnel unconstitutional on those grounds. Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973); Otto v. Harllee, 119 Fla. 266, 161 So. 402 (1935); State ex rel. Watson v. Caldwell, 156 Fla. 618, 23 So.2d 855 (1945), 157 Fla. 70, 24 So.2d 797 (1946); Art. II, Sec. 3, Fla. Const.; § 20.02(1), F.S. 1973.
The request for admissions and interrogatories propounded by respondent Harvey fall into three general categories: those which are calculated to establish or discover facts pertaining to the constitutional questions raised in Harvey's petition; those which are calculated to establish or discover facts demonstrating that respondent Harvey is "substantially affected" by the rules which she seeks to invalidate [§ 120.56(2), F.S. 1973 (1974 Supp.)]; and those which seek to establish or discover facts pertaining to the manner in which the Division of Personnel promulgated the rules in question and applied them to persons other than respondent Harvey. Discovery in the first area mentioned is improper and should have been foreclosed by the hearing examiner because the administrative process cannot resolve a Fourteenth Amendment attack on the rules in question. Discovery in the second area is proper if the petitioner Division of Personnel seriously contests that the challenged rules were applied detrimentally to respondent Harvey and so substantially affected her interests. Discovery in the third area mentioned is proper, subject to reasonable restraints against burdensome and repetitious inquiry, in administrative proceedings to determine whether the rules under attack were formulated in violation of the authority delegated to the Division of Personnel by the legislature.
We leave to the hearing examiner the application of these general standards to particular requests for admissions and interrogatories now pending. The case will be remanded for further proceedings consistent with this opinion.
Remanded with directions.
RAWLS, Acting C.J., and MILLS, J., concur.