STATE, *ex rel.* NORTHERN INVESTMENT CORPORATION, v. J. M. LEE, *Comptroller,* ESCAMBIA COUNTY and JOHN H. RAUSCER, *et al.,* as and constituting Board of County Commissioners of Escambia County.

187 So. 368.

Division A.

Opinion Filed January 31, 1939.

*Claude Ogilvie,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, and *H. O. Pemberton,* for Respondents.

PER CURIAM.—This cause is before us after oral argument and consideration of briefs on motion to award peremptory writ, the return of Respondent notwithstanding.

The sufficiency of the allegations of the alternative writ was adjudicated in our opinion and judgment rendered on consideration of motion to quash alternative writ filed herein on October 14, 1938. See 183 Sou. 838.

The record shows that the factual conditions of this case

come within the purview of Section 3 of Chapter 18314, Acts of 1937, which reads as follows:

"Section 3. If the holder of any tax sale certificate should pay, redeem or cause to be cancelled and surrendered any other tax sale certificate, or should pay or redeem any subsequent and omitted taxes, in connection with an application for tax deed or in connection with any tax foreclosure proceedings, and if it should develop that said other tax sale certificate or any of said subsequent and omitted taxes are void for any reason, the Clerk shall forward a certificate of such fact to the Comptroller and enter upon the records in his office a memorandum of such fact, as provided for in Section 2 hereof, and the Comptroller, upon receipt of such certificate, if satisfied of the correctness thereof, shall refund to the person so paying or redeeming such other tax sale certificate, or to the person so paying such subsequent and omitted taxes, in connection with an application for tax deed or in connection with a tax foreclosure, the amount received by the State, and thereupon the county and commissioners, and any school district, school board, drainage district or other district, commission or governmental subdivision or agency, shall likewise refund the amount received by it in accordance with the provisions of Section 2 hereof."

The enactment is clearly within legislative authority and requires judicial determination of the invalidity of involved tax certificates and subsequent or omitted taxes. The Courts are not required to determine the wisdom of the Act.

The return admits the pertinent facts alleged and fails to set up any defense in bar or in abatement of judgment in favor of relator.

Therefore, the motion is granted and the peremptory writ is awarded.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.