379 So.2d 944 (1979)
FLORIDA-TEXAS FREIGHT, INC., Petitioner,
v.
Paula F. HAWKINS, William T. Mayo, and Robert T. Mann, As Members of and Constituting the Florida Public Service Commission, Respondents.
No. 53303.
Supreme Court of Florida.
December 13, 1979.
Rehearing Denied March 11, 1980.
*945 Richard B. Austin of the Law Offices of Richard B. Austin, Miami, for petitioner.
O.C. Beakes, Jacksonville, for Florida Freight Forwarders Rate Bureau, intervening petitioner.
Prentice P. Pruitt, Legal Director, and Donald R. Alexander, Staff Counsel, Florida Public Service Commission, Tallahassee, for respondent.
Norman J. Bolinger of Schwartz & Bolinger, Jacksonville, for the Florida Intrastate Rate Bureau, intervening respondent.
OVERTON, Justice.
By petition for writ of certiorari, we are asked to review Public Service Commission Order No. 14020, dated December 29, 1977, which amended Chapter 25-16, Florida Administrative Code, by adding parts III and IV thereto. The issue presented is whether the Commission complied with section 120.54(2)(a), Florida Statutes (Supp. 1976), which requires the preparation of an economic impact statement in rulemaking proceedings. This Court has jurisdiction pursuant to article V, section 3(b)(7), Florida Constitution.
The Public Service Commission by Order No. 13443, dated April 12, 1977, proposed to amend Chapter 25-16, Florida Administrative Code, by adding parts III and IV. The rules contained in this chapter prescribe the procedures for tariff filings by freight forwarders and include provisions relating to bills of lading and waybills, credit allowances, c.o.d. payments, collection of undercharges and the filing of contracts and agreements. The Commission circulated the proposed rules to all interested parties and published them in the Florida Administrative Weekly (FAW). At petitioner's request, the Commission held a public hearing on parts III and IV of the rules on May 17, 1977.
The Commission addressed the issue of the economic impact of the proposed rules on two occasions. In its notice published in the FAW, the Commission stated:
These rules merely implement already established procedures and will not result in additional costs for the freight forwarders, public or the Commission and therefore have no economic impact.
Also, Transportation Rate Supervisor Julian R. O'Pry testified at the public hearing that he did not feel that the rules would affect the costs presently incurred by the forwarders.
On August 15, 1977, the hearing examiner entered an order recommending that the rules be adopted as proposed. Petitioner filed exceptions to the examiner's report, complaining of an inadequate economic impact statement as required by section 120.54(2)(a), Florida Statutes (Supp. 1976). After oral argument the Commission entered its Order No. 14020 in which it affirmed the examiner's report in all relevant respects.
Petitioner argues that the Commission's failure to prepare an economic impact statement rendered the instant rulemaking proceeding invalid. The Commission counters with three arguments: (1) the proceeding was in substantial compliance with section 120.54(2)(a); (2) petitioner has failed to produce any evidence contradicting the Commission's finding of no economic impact; and (3) any possible error in Commission procedure was not material and hence does not require a remand. § 120.68(8), Fla. Stat. (Supp. 1976). For the following reasons, we agree with the Commission's contention.
Section 120.54(2)(a) provides:
(2)(a) Every agency, prior to the adoption, amendment, or repeal of any rule, shall prepare information on its proposed action by preparing an economic impact statement using professionally accepted methodology, with quantification of data to the extent practicable, giving effect to both short-term and long-term consequences. The economic impact statement shall include the following information:
1. A description of the action proposed, the purpose for taking the action, the legal authority for the action, and the plan for implementing such action;
2. A determination of the least-cost method for achieving the stated purpose;

*946 3. A comparison of the cost-benefit relation of the action to nonaction;
4. A determination of whether the action represents the most efficient allocation of public and private resources;
5. A determination of the effect of the action on competition;
6. A conclusion as to the economic impact of the proposed agency action on preserving an open market for employment; and
7. A conclusion as to the economic impact upon all persons directly affected by the action, including an analysis containing a description as to which persons will bear the costs of the action and which persons will benefit directly and indirectly from the action.[1]
By this provision the legislature seeks to promote agency introspection in administrative rulemaking. The process of formulating rules and regulations involves an interplay between social and economic factors and the legislative goals underlying agency action. In order to ensure a comprehensive and accurate analysis of economic factors in this calculus, the legislature has instructed an agency, through section 120.54(2)(a), to prepare an explicit statement delineating the short- and long-term economic consequences of a proposed rule. Such a procedure directs agency attention to certain key considerations and thereby facilitates informed decision making. It also serves the salutary purpose of opening up the administrative process to public scrutiny.
The procedure envisioned by section 120.54(2)(a) does not, however, command adherence to form over substance. We agree with the Commission's argument that it substantially complied with the dictates of the Administrative Procedure Act. Ample notice of the proposed action was given, and its statement, published in FAW, expressed the Commission's finding that no economic impact would result from adoption of the proposed rules. True, the statement did not track the seven subsections of the statute, but, in the absence of some evidence to the contrary or a showing of prejudice by a protestant, this shortcoming does not require remand. The petitioners never objected to the summary economic impact statement until after the unfavorable hearing examiner's recommended report was filed. Further, the petitioners had sufficient opportunity to challenge the Commission's statement at the public hearing. This failure to contravene the statement is even more glaring in view of the fact that the Commission's staff witness specifically stated that there would be no economic impact.
The record in this cause does not require a remand to the Commission to file a detailed formal statement simply negating each of the seven factors outlined in section 120.54(2)(a) when a finding of no impact has been made. We find that petitioners were not denied a fair hearing in this cause, and certiorari therefore is denied.
It is so ordered.
*947 ENGLAND, C.J., and BOYD and ALDERMAN, JJ., concur.
SUNDBERG, J., dissents with an opinion, with which ADKINS, J., concurs.
SUNDBERG, Justice, dissenting.
I respectfully dissent from the majority opinion because I believe it materially impairs the purpose and integrity of section 120.54(2)(a), Florida Statutes (Supp. 1976). As recognized by the majority:
By this provision the legislature seeks to promote agency introspection in administrative rulemaking. The process of formulating rules and regulations involves an interplay between social and economic factors and the legislative goals underlying agency action. In order to ensure a comprehensive and accurate analysis of economic factors in this calculus, the legislature has instructed an agency, through section 120.54(2)(a), to prepare an explicit statement delineating the short- and long-term economic consequences of a proposed rule. Such a procedure directs agency attention to certain key considerations and thereby facilitates informed decision making. It also serves the salutary purpose of opening up the administrative process to public scrutiny.
The procedure envisioned by section 120.54(2)(a) is analogous to that found in our capital punishment statute, section 921.141(3), Florida Statutes (1977). That provision directs the trial judge to make specific findings in the record of any aggravating or mitigating circumstance appertaining to one convicted of a capital offense. As in section 120.54(2)(a), the purpose of the statute is to channel into the decision-making process certain factors considered vital by the legislature.
The assertion by respondents and acceptance by the majority of the proposition that petitioner was obliged to rebut the Commission's finding of no economic impact evinces a misunderstanding of the purpose of an economic impact statement. This statement is a procedural device designed to further the integrity of decision-making in agency rulemaking. It ensures a fair and comprehensive process by requiring a systematic review of essential economic factors. As such, the statement is equally vital, and mandatory, in contested as well as uncontested proceedings. Thus, the Commission's failure in this case to comply with section 120.54(2)(a) constitutes error irrespective of the substantive correctness of its findings.
For these reasons I would grant the petition for writ of certiorari and quash the order of the Commission.
ADKINS, J., concurs.
NOTES
[1] Section 120.54(2), Florida Statutes (Supp. 1976), was recently amended by chapter 78-425, Laws of Florida:

(2)(a) Each agency, prior to the adoption, amendment, or repeal of any rule, shall provide information on its proposed action by preparing a detailed economic impact statement. The economic impact statement shall include:
1. An estimate of the cost to the agency of the implementation of the proposed action, including the estimated amount of paperwork;
2. An estimate of the cost or the economic benefit to all persons directly affected by the proposed action;
3. An estimate of the impact of the proposed action on competition and the open market for employment, if applicable; and
4. A detailed statement of the data and method used in making each of the above estimates.
(b) If an economic impact statement is required before an agency takes action on an application or petition by any person, the statement shall be prepared within a reasonable time after the application is made or the petition is filed.
(c) Failure to provide an adequate statement of economic impact is grounds for holding the rule invalid; however, beginning October 1, 1978, no rule shall be declared invalid for want of an adequate statement of economic impact unless the issue is raised in an administrative or judicial proceeding within [one] year of the effective date of the rule to which the statement applies.