ON PETITION FOR REHEARING DENIED
MILLS, Chief Judge.
In his petition for rehearing appellant again, as he did in his initial argument, focuses his claim on the question of propriety of the trial court’s award of certain property to the wife on the basis of special equity and fails or refuses to concede that the judgment appealed awarded the property as lump sum alimony because of the wife’s special equity.
It is, as the Supreme Court recently pointed out in Canakaris v. Canakaris, 382 So.2d 1197 (Fla., 1980), unfortunate that the courts in this state have used the term *572 “special equity” both in identifying vested property interests of marital partners and in justifying awards of lump sum alimony. The mere fact, however, that a final judgment uses the term “special equity” when the record does not establish a vested property right does not invalidate the award. Note, for example, the result in Duncan v. Duncan, 379 So.2d 944 (Fla., 1980).
In support of his petition for rehearing, petitioner urges that a review of the final judgment at issue here reflects that prior to the language awarding the property, the trial judge recites facts in support of the vested-property-right meaning of the term “special equity.” Although it is true that in the relevant section of the final judgment the judge does find that one-half of the land at issue was given to the parties by the wife’s parents and one-half was purchased from her brother, the judge also made findings of fact concerning the duration of the marriage; the number of children; the contribution of each party to the marriage relative to homemaking and child care, education and career building, and financial contributions to the family; and the use of the proceeds from mortgages taken on the jointly owned property. All of these factors are proper considerations in making an award of alimony.
Since we find that the award made by the judge was in the nature of lump sum alimony; that it was within his discretion under Section 61.08(2), Florida Statutes; and, furthermore, that our earlier decision is consonant with the cases recently announced by the Florida Supreme Court, we adhere to that decision.
The petition for rehearing is DENIED.
McCORD and BOOTH, JJ., concur.