400 So.2d 1304 (1981)
The FLORIDA STATE UNIVERSITY, Appellant,
v.
Elias DANN, David Wingate, Janet Worth, David Wilson, E. Talley Schmidt, Harry Schmidt, and Robert Glotzbach, Appellees.
No. OO-230.
District Court of Appeal of Florida, First District.
July 9, 1981.
*1305 Charles S. Ruberg, Associate University Atty., Tallahassee, for appellant.
Jerry G. Traynham of Patterson & Traynham, Tallahassee, for appellees.
ROBERT P. SMITH, Chief Judge.
The university appeals an order of a DOAH hearing officer determining that a document setting forth university procedures for award of merit salaries and other pay increases was an invalid rule because it was not subjected to the rulemaking process required by Section 120.54. On the basis of State Dept. of Administration v. Stevens, 344 So.2d 290 (Fla. 1st DCA 1977), the hearing officer concluded that these procedures were agency statements of general applicability, not falling into any statutory exception under Section 120.52(14), and as such, must be adopted as rules. 1 Fla. Admin.L.Repts. A-518 (1979). We affirm.
Initially, we agree with the hearing officer that the faculty members challenging this document had standing to do so since these procedures were likely to have a continuing impact on determination of their annual salaries. We also agree that this document was not exempt from the rulemaking process as an "internal management memorandum" under Section 120.52(14)(a), which excludes such documents if they "do not affect ... the private interests of any person." As the hearing officer concluded:
The procedures apply generally and equally to each segment of the University and to each faculty member.... Although the procedure is for use internally within the University, it affects the private interest of each faculty member in the compensation he or she receives for services performed for the University.
Moreover, these merit salary procedures were virtually self-executing, like the Stevens employee "bumping" guidelines, "intended by their own effect to create rights, or to require compliance, or otherwise to have the direct and consistent effect of law." McDonald v. Dept. of Banking and Finance, 346 So.2d 569, 581 (Fla. 1st DCA 1977). The record here indicates that, as in Stevens, the salary document was "issued by the agency head for implementation by subordinates with little or no room for discretionary modification." 344 So.2d at 296. Compare Dept. of Highway Safety and Motor Vehicles v. Florida Police Benevolent Ass'n, 400 So.2d 1302 (Fla. 1st DCA 1981).
Nor did this document qualify as a nonrule under Section 120.52(14) as "preparation or modification" of an "agency budget" or "contractual provisions reached as a result of collective bargaining." As the hearing officer indicated, the university's budget officials played no role in the development of the document. And although the document did refer to a collective bargaining agreement, it was not itself a contractual provision of this agreement.
AFFIRMED.
ERVIN and BOOTH, JJ., concur.