400 So.2d 1302 (1981)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
FLORIDA POLICE BENEVOLENT ASSOCIATION and Marcus A. McGowan, Appellees.
No. MM-180.
District Court of Appeal of Florida, First District.
July 9, 1981.
*1303 Edwin E. Strickland, Gen. Counsel, and Michael J. Alderman, Asst. Gen. Counsel, Tallahassee, for appellant.
Edward S. Jaffry, of Horne, Rhodes, Jaffry, Stephens, Bryant, Horne & Chapman, Tallahassee, for appellees.
Jim Smith, Atty. Gen., and John J. Rimes, Asst. Atty. Gen., amicus curiae.
ROBERT P. SMITH, Jr., Chief Judge.
Citing State Dept. of Administration v. Stevens, 344 So.2d 290 (Fla. 1st DCA 1977), a DOAH hearing officer in this Section 120.56 rule challenge proceeding held that the Highway Patrol's general order 40, prescribing standards of physical fitness for patrolmen, and general order 43, prescribing guidelines for supervisors in assessing discipline for deficiencies in patrolmen's conduct, are illicit rules and hence invalid, because they were not subjected to formal rulemaking under Section 120.54. 1 Fla. Admin.L.Repts. A-12 (1979). In holding that these general orders were not exempt as "internal management memoranda" from the rulemaking requirement, Section 120.52(14)(a), the hearing officer lamented the apparent application of Stevens to this case, saying:
The instant case demonstrates how Rule challenges present serious problems to the agencies in establishing and carrying out policies applicable only to agency employees which are not formally promulgated as rules. Once the agency attempts to enforce such a policy on employees who fail or refuse to comply, the policy begins to affect private interests.
We think the general orders in the present case qualify for the "internal management memoranda" exemption from rulemaking and that this case, considered in the light of judicial decisions rendered after the hearing officer ruled in this case, can and should be distinguished from Stevens. The "bumping" guidelines that Stevens characterized as rules were virtually self-executing, intended "by their own effect to create rights, or to require compliance, or otherwise to have the direct and consistent effect of law." McDonald v. Dept. of Banking and Finance, 346 So.2d 569, 581 (Fla. 1st DCA 1977). General orders 40 and 43 on the other hand, were effective in themselves only as guidelines, subject in application to the discretion of the enforcing officer. In this case, for example, the contestant's severe overweight condition brought on a series of disciplinary responses, of increasing severity, and the operable rule which by Stevens standards impinged the contestant's arguably private interests was not the unpromulgated weight standards, but rather the published rule against insubordination, Fla. Admin. Code R. 22A-7.10(7)(a), (b).
In marginal rule challenges such as this, see also Hill v. Leon County Board of Public *1304 Instruction, 351 So.2d 732 (Fla. 1st DCA 1977), cert. den., 359 So.2d 1215 (Fla. 1978), the public interest is now better served by permitting other incentives for rulemaking to operate in Section 120.57 proceedings. Florida Cities Water Co. v. Florida Public Service Comm'n, 384 So.2d 1280 (Fla. 1980); Rice v. Dept. of Health and Rehab. Services, 386 So.2d 844 (Fla. 1st DCA 1980); Anheuser-Busch, Inc. v. Dept. of Business Reg., 393 So.2d 1177 (Fla. 1st DCA 1981); ABC Liquors, Inc. v. Dept. of Business Reg., 397 So.2d 696 (Fla. 1st DCA 1981); Cenac v. Florida State Board of Accountancy, 399 So.2d 1013 (Fla. 1st DCA 1981).
REVERSED.
MILLS and SHIVERS, JJ., concur.