417 So.2d 261 (1982)
WESTCHESTER GENERAL HOSPITAL & Sylvia Urlich, As President of Westchester General Hospital, Appellants,
v.
STATE of Florida, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
Nos. TT-222, VV-189.
District Court of Appeal of Florida, First District.
March 22, 1982.
*262 Stephen Marc Slepin of Slepin & Slepin, Tallahassee, for appellants.
Eric J. Haugdahl, Tallahassee, for appellee.
PER CURIAM.
In this consolidated appeal, one point survives from a cross-appeal involving an order directed to a rule challenge brought by Westchester General Hospital, contending that Rules 10-5.02(21) and 10-5.05(2) were invalid exercises of legislative authority. Those rules were declared invalid exercises of legislative power by the hearing officer on the narrow ground that the HRS in promulgating them did not address in its economic impact statement the rules' impact on the regulated hospitals. We agree with the hearing officer and affirm the administrative order.
The cross-appellees maintain that the inadequacies of the economic impact statement were harmless error because the proposed rules merely reiterated their statutory authority. See Florida-Texas Freight, Inc. v. Hawkins, 379 So.2d 944 (Fla. 1979). Hawkins, however, is distinguishable because the rules in the instant case were interpretative of the statute and have economic impact. See State Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238 (Fla. 1st DCA 1981). Cf. Department of Health and Rehabilitative Services v. Delray Hospital Corp., 373 So.2d 75 (Fla. 1st DCA 1979); School Board of Broward County v. Gramith, 375 So.2d 340 (Fla. 1st DCA 1979).[1]
The remaining arguments urged by the cross-appellee that the rules were otherwise invalid are not ripe for our consideration. See General Development Utilities, Inc. v. Florida Public Service Commission, Division of Administrative Hearings, 385 So.2d 1050 (Fla. 1st DCA 1980).
AFFIRMED.
ERVIN and SHAW, JJ., concur.
McCORD, J., dissenting.
McCORD, Judge, dissenting.
It is my view that the economic impact upon previously exempt health care facilities results from the statute which repeals their grandfather rights to exemption from certificate of need requirements, rather than from the rule which merely interprets the ambiguity of the statute. The hearing officer, in his final order, found:
The Department did not consider the increased costs that a provider would incur because the project would be subject to Certificate of Need requirements rather than exempt under the grandfather clause. There are such costs, and they are susceptible of estimation. The Department did not consider these costs and made no effort to estimate them.
*263 Such costs to any health care providers whose grandfather rights are revoked and who as a result determine to seek certificates of need result directly from the legislative act rather than the rule which merely interprets the ambiguity of the act. Furthermore, I can see nothing to be gained from the Department attempting to speculate on how many of the potential health care providers who have lost their grandfather rights would pursue applications for certificates of need and of such number the amount of costs that would be involved in such pursuit. Such would merely be an exercise in futility. I would, therefore, reverse.
NOTES
[1] We observe that there is a pending Section 120.57 hearing that is related to the subject matter of this appeal. Our invalidating the rule here would not necessarily destroy the cross-appellant's position at that proceeding. Incipient, non-rule policy may be explicated at a Chapter 120.57 proceeding. Dept. of Highway Safety & Motor Vehicles v. Florida Police Benevolent Assoc., 400 So.2d 1302 (Fla. 1st DCA 1981); Florida Cities Water Company v. Florida Public Service Commission, 384 So.2d 1280 (Fla. 1980); Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844 (Fla. 1st DCA 1980).