413 So.2d 805 (1982)
DIVISION OF WORKERS' COMPENSATION, DEPARTMENT OF LABOR & EMPLOYMENT SECURITY, Appellant,
v.
James I. McKEE, jAMES cONE AND rAY cRALLE, Appellees.
No. AG-301.
District Court of Appeal of Florida, First District.
April 26, 1982.
*806 Michael J. Rudicell, Dept. of Labor and Employment Security, Tallahassee, for appellant.
Leslie King O'Neal, of Markel, Scott, McDonough & O'Neal, Orlando, for appellees.
WENTWORTH, Judge.
Appellant seeks review of an administrative order declaring invalid portions of proposed agency rules relating to medical fees governed by Florida's Workers' Compensation Act.[1] We conclude that a § 120.54(4)(a), Florida Statutes, administrative rule challenge, rather than a circuit court action as appellant suggests, was the proper method for challenging the proposed rules, and we further conclude that the hearing officer correctly determined that the proposed rules, as they relate to physical therapists' fees, are invalid due to the absence of a § 120.54(2)(a), Florida Statutes, economic impact statement. The absence of such an economic impact statement may be harmless error if it is established that the proposed action will have no economic impact, or that the agency fully considered the asserted economic factors and impact, see Florida-Texas Freight, Inc. v. Hawkins, 379 So.2d 944 (Fla. 1980); Polk v. School Board of Polk County, 373 So.2d 960 (Fla. 2nd DCA 1979); however, these circumstances were not shown to exist in the present case. The absence of an economic impact statement is therefore grounds for invalidity of those portions of the proposed rules relating to physical therapists' fees. See § 120.54(2)(c). It is thus unnecessary for this court to consider, and we expressly decline to address, the appropriateness of the proposed state-wide maximum fee schedule for workers' compensation medical payments.
The order appealed is affirmed.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] See § 440.13(3)(a), Florida Statutes.