# SCARDINO v. BOARD OF OPTOMETRY
## Case No. 84-3289R

State of Florida, Division of Administration Hearings

December 18, 1984

### APPEARANCES OF COUNSEL

**G. Steven Pfeiffer, Laramore and Clark, P.A.,** for petitioner.

**Susan Tully,** Department of Legal Affairs, for respondent.

### OPINION

THOMAS C. OLDHAM, Hearing Officer.

A hearing was held in this case on October 29, 1984 at Tallahassee, Florida, before Thomas C. Oldham, Hearing Officer.

### *ISSUE PRESENTED*

Validity of Respondent's policy that applicants to retake the examination administered for licensure as an optometrist must have passed all portions of the national board examination within five years prior to the filing of the application.

This rule challenge arises under Section 120.56, Florida Statutes. It was consolidated for purposes of hearing with another case involving the same parties, DOAH Case No. 84-2647, wherein Petitioner is

148

seeking to have his application to retake part of the state examination for optometrists approved. In that case, the Petitioner has provisionally denied his request based on the police being challenged as a rule in this proceeding.

At the hearing, Petitioner testified on his own behalf and called Mildred Gardner, Executive Director of the Board of Optometry, as a witness. Petitioner submitted 12 exhibits in evidence and the Respondent submitted one exhibit.

The parties have submitted posthearing findings of fact pursuant to Section 120.57(1)(b)4, Florida Statutes. A ruling on each proposed finding of fact has been made either directly or indirectly in this Order, except where such proposed findings of fact have been rejected as subordinate, cumulative, immaterial, or unnecessary.

## FINDINGS OF FACT

1. Petitioner Samuel Scardino is an optometrist who is currently licensed as such in the states of California, Illinois, Kentucky, and Michigan. He graduated from the Illinois College of Optometry in 1978, and successfully passed all parts of the National Board of Optometry examination in the same year. He has been a practicing optometrist in Battle Creek, Michigan, since 1978. (Testimony of Petitioner, Petitioner's Exhibit 4)

2. By application dated May 10, 1983, Petitioner applied to take the Florida optometry examination. His application was received by Respondent on May 13, 1983. Petitioner's application was approved pursuant to Respondent's Rule 21QER83-1 which amended Rule 21Q-4.01, Florida Administrative Code, on May 19, 1983, to provide that an applicant must have obtained a qualifying score on the national examination within five years prior or two years subsequent to the date of passage of the state examination. It also provided that a passing score of 75 must be obtained on the pharmacology section of the national examination in 1983, or subsequent thereto, within five years prior or two years subsequent to passage of state examination. By letter of May 18, 1983, Respondent acknowledged receipt of Petitioner's application and $250.00 fee, but indicated that the application was incomplete in that a final transcript must be sent by his school, and also that the National Board report of passing grades within the past five years and the pharmacology section in 1983 with a score of 75 or above were required. Petitioner complied with these requirements and received an admission card for the optometry examination to be held in July of 1983. Petitioner took the examination at that time and received notice in September 1983 that he had failed the pharmacology/pathol-

**149**

ogy portion of Part II of the examination with a grade of 61. A review of Petitioner's objections to the grade resulted in a further letter from Respondent, dated December 23, 1983, which advised Petitioner that the Board of Optometry review committee had reviewed the matter and changed his final grade for the pharmacology/pathology portion of the examination from 61 to 65, but that a final grade of 70 percent or better was required to achieve a passing status. He was thereupon advised of his right to a hearing under Section 120.57, Florida Statutes. (Testimony of Petitioner, Petitioner's Exhibit 1,5-8, Respondent's Exhibit 1)

3. On March 19, 1984, Petitioner filed an application for optometry reexamination with the Respondent, together with the $250.00 reexamination fee. The state application form for reexamination did not ask for any information concerning the National Board of Optometry examination, as did the original application form. Respondent's Rule 21Q04.02, Florida Administrative Code, pertaining to reexamination, provided pertinently as follows:

21A-4.02 *Reexamination.*—

(1) An applicant who fails either Part I or Part II of the state examination for licensure shall be required to retake only that part of the examination on which he failed to achieve a passing grade, provided that the applicant shall be limited to two retakes within a two-year period from the date of original failure. If the applicant fails to achieve a passing grade as provided above, he shall be required to take the complete state examination for licensure in order to be entitled to be licensed as an optometrist. Reexamination shall be conditioned on payment of the reexamination fee.

Respondent advised Petitioner by an undated letter which he received on April 7, 1984, that his National Board scores were no longer valid to take the Florida examination since they had been obtained more than five years prior to his application to take the 1984 examination. The letter further stated that 1983 was his last year of eligibility for examination under his 1978 National Board scores and that he had not been successful in his 1983 Florida examination. The letter enclosed an application for refund of his $250.00 fee for the 1984 examination. Petitioner thereafter spoke with the Executive Director of the Board of Optometry who indicated that the Board would be evaluating his and other questions of candidates at their May 4, 1984 meeting. (Testimony of Petitioner, Gardner, Petitioner's Exhibits 2, 9, 11)

4. The minutes of a meeting of the Board of Optometry on May 3, 1984, contains the following item:

Examination 1984—After discussion with Board Counsel, the Board reiterated that Examination candidates must have passed all parts of the National Board within 5 years prior to application to take the Florida examination in order that all candidates who pass the Florida examination are immediately eligible to apply for licensure. Any candidate who applies to retake the Florida examination must also meet the requirements of passing the National Board within 5 years of applying to retake the Florida examination. All requirements of 21Q-4.01 apply to all candidates and no waiver of requirements shall be granted. Motion by Dr. Walker, seconded by Mrs. Chambers. Passed unanimously.

The Board's Executive Director advised Petitioner of the action taken by the Board in a letter of May 14, 1984. He was also informed by this letter that if he completed the National Board requirements prior to the 1985 examination and applied for such examination, he would be required only to take the practical portion of Part II of the Florida examination, but that if he were not licensed in 1985, he would be required to take the entire Florida examination. After receiving the letter, Petitioner submitted his application for refund of the $250.00 reexamination fee which was approved on April 4, 1984 and thereafter paid to Petitioner. By Petition dated June 19, 1984, Petitioner requested an administrative hearing to contest the Respondent's denial of his application to retake the Florida optometry examination which was scheduled for August 1984. The instant rule challenge was subsequently filed in September 1984. (Testimony of Petitioner, Gardner, Petitioner's Exhibit 10)

5. The policy statement announced by the Board at its May 3, 1984, meeting that applicants for reexamination must have passed the National Board examination within a period of five years prior to such application was first applied in 1984 and was uniformly applied to all applicants for reexamination who had not taken the National Board examination within the requisite period prior to application. (Testimony of Gardner)

## CONCLUSIONS OF LAW

1. Petitioner seeks an administrative determination that Respondent's non-rule policy that applicants for reexamination pursuant to Rule 21Q-4.02, Florida Administrative Code, must have passed the National Board within five years prior to such application, is a rule that is invalid because it was not adopted pursuant to the provisions of Section 120.54, Florida Statutes.

No issue has been raised in this proceeding as to the standing of

**151**

Petitioner, or as to the fact that Respondent's policy has not been the subject of rule making under Chapter 120. It is therefore necessary only to address the question of whether or not the policy is a rule within the definition of Section 120.52(15), Florida Statutes, which states pertinently as follows:

120.52 *Definitions.*—As used in this act:

.   .   .   .   .   .   .   .   .   .   .

(15) "Rule" means each agency statement of general applicability that implements, interprets, or prescribes law or policy . . . .

Agency statements or directives that constitute rules under the above definition but which were not formally adopted in accordance with Section 120.54, Florida Statutes, are invalid. *Department of Administration v. Stevens*, 344 So.2d 290 (Fla. 1st DCA 1977). Although not all statements of incipient policy of an agency must be made within the strict rule-making process of Section 120.54, those statements which are of general applicability and applied with the force of a rule of law constitute rules and are invalid unless adopted in accordance with Section 120.54. *McDonald v. Department of Banking and Finance*, 346 So.2d 569 (Fla. 1st DCA 1977); *Florida State University v. Dann*, 400 So.2d 1304 (Fla. 1st DCA 1981); *Department of Administration v. Stevens*, supra.

In *State, Department of Administration v. Harvey*, 356 So.2d 323 (Fla. 1st DCA 1978), the First District Court of Appeal stated:

The breadth of the definition in Section 120.52 (14) indicates that the Legislature intended the term to cover a great variety of agency statements regardless of how the agency designates them. Any agency statement is a rule if it "purports of itself to create certain rights and adversely affect others," *Stevens*, 244 So.2d at 296, or serves "by [its] own effect to create rights, or to require compliance, or otherwise to have direct and consistent effect of law. *McDonald v. Department of Banking and Finance*, 346 So.2d 569,581 (Fla. 1st DCA 1977) . . . .

2. In this case, Respondent contends that it is simply applying the five-year requirement of its Rule 21Q-4.01 to all applicants who take the Florida examination, including those who seek to be reexamined under Rule 21Q-4.02. However, Rule 21Q-4.02 makes no reference to the five-year requirement nor does the state application form for reexamination. The language of Rule 21Q-4.02 indicates that the reexamination is simply a continuing part of the original examination process which is limited to a two-year period from the original failure.

It is concluded that to place the five-year requirement on applicants for reexamination would impose a new requirement not specifically required by statute or existing rule. Since it is clear from the evidence that Respondent has in the past or intends in the future to apply the requirement to all applicants for reexamination, it must be concluded that the stated policy is a rule that is invalid for failure to be adopted in accordance with the provisions of Section 120.54, Florida Statutes.

It is therefore ORDERED that Respondent's policy which provides that any candidate who applies to retake the Florida optometry examination must also meet the requirement of passing the National Board examination within five years of applying to retake the Florida Examination is a rule which constitutes an invalid exercise of delegated legislative authority for failure to have been adopted in accordance with the procedures of Section 120.54, Florida Statutes.